IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN CORTEZ, No. K68421, <br><br> Plaintiff, <br><br> vs. <br><br> DR. FUENTES, <br> DR. NWAOBASI, <br> K. CRISS, <br> DR. SHEARING, <br> DENISE MERVIS, <br> M.L. PRICE, <br> MICHAEL P. ATCHISON, <br> S.A. GODINEZ, <br> GINA ALLEN, <br> PRICILLA NIVES, M.A., and <br> UNKNOWN PARTY, <br><br> Defendants. | Case No. 13-cv-01117-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Juan Cortez, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, regarding his medical care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff is an HIV patient being treated by both the prison medical staff and an outside specialist, Dr. Jeremy D. Young. According to the complaint, at some point in late 2011 Plaintiff prison doctors diagnosed him with a seizure disorder, for which Dr. Fuentes prescribed the anti-convulsant medication Dilantin. On December 21, 2011, Dr. Young assessed Plaintiff in the Telemedicine Clinic. According to Plaintiff, his "blood levels" had dropped. Dr. Young

noted that Dilantin is contraindicated when one is also taking the HIV combination antiviral medication Atripla. Dr. Young "highly recommended" Plaintiff be changed to "anti-epileptic (e.g. Keppra) that does not interact with Atripla" (Doc. 1, pp. 15-16). Dr. Young's recommendation was noted in Plaintiff's medical records by Nurse Criss, and Plaintiff was placed on the referral board regarding the suggested change in medication (Doc. 1, p. 22). The next day, December 22, 2011, Dr. Young's written report was printed out by Priscilla Nievas, M.A. (Doc. 1, p. 17).

On December 29, 2011 (a week after seeing Dr. Young) Plaintiff suffered a seizure, requiring hospitalization. According to Plaintiff, he almost died, but medical records describe the seizure as a "non-emergency" (Doc. 1, p. 19). Nurse Criss admitted Plaintiff to the health care unit (Doc. 1, p. 20). Dr. Nwaobasi ordered that Plaintiff be placed on Keppra at that time, and the medication was administered by Nurse Criss (Doc. 1, p 19). Upon discharge the next day, Dr. Nwaobasi ordered that Plaintiff be kept on Keppra (Doc. 1, p. 24). Wexford Pharmacy Director Denise Mervis approved the Keppra prescription, and it was secured from an outside pharmacy (Doc. 1, p. 11). During a January 10, 2012, follow-up examination, Dr. Shearing told Plaintiff that it was unlikely that there would be any "aftermath dangers" from taking Dilantin, but further testing was ordered to see if Plaintiff's vision had been affected by the seizure.

Gina Allen explained the administrative grievance procedures to Plaintiff. Beginning January 9, 2012, and continuing through May 2012, Plaintiff submitted multiple grievances regarding his medical care, but Illinois Department of Corrections Director S.A. Gondinez, Warden Michael P. Atchison, and Counselor M.L. Price did not respond.

Plaintiff has now brought suit against every individual involved in the "negligence/deprivation of care"—from the person who printed out Dr. Young's report, to the nurse and doctors who treated him, to the pharmacy director who approved the Keppra prescription. Plaintiff also sues all those involved in his efforts to pursue a grievance regarding his care, and unidentified prison officials who have never responded to Plaintiff's request for copies of his medical file. Plaintiff contends there has been an effort to block his grievance(s) and legal action.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two overarching counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants Dr. Fuentes, Dr. Nwaobasi, Nurse K. Criss, Dr. Shearing, Wexford Pharmacy Director Denise Mervis, and Priscilla Nievas, M.A., were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment, and/or were negligent; and**
>
> **Count 2: Defendants Gina Allen, Counselor M.L. Price, Warden Michael P. Atchison, Director S.A. Godinez, and unknown parties denied Plaintiff due process in violation of the Fourteenth Amendment, and denied him access to the Courts in violation of the First Amendment, when they blocked his efforts to grieve his medical care.**

## Discussion

Based on the allegations and documentation attached to the complaint, and taking all allegations as true, Plaintiff has failed to state a single federal claim upon which relief can be granted. Consequently, the Court cannot assert supplemental jurisdiction over any negligence claim that may be actionable under state law (*see* 28 U.S.C. § 1367).

**Medical Treatment Claims**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Greeno*, 414 F.3d at 653, citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). A serious medical condition is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007). To satisfy the subjective component, a prisoner must demonstrate that the prison official "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno*, 414 F.3d at 653. "Deliberate indifference *cannot* rest on negligent actions or inactions, but must instead rest on reckless indifference to the plight of an inmate." *Cavalieri v. Shepard*, 321 F.3d 616, 626 (7th Cir. 2003) (emphasis added). A defendant can never be held liable under Section 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Plaintiff takes issue with Dr. Fuentes, who prescribed Dilantin. He contends that Dr. Fuentes failed to check if Dilantin was compatible with his other medications. He cites Dr. Young's statement that every doctor is supposed to check before prescribing medication, particularly in Plaintiff's situation, where he is on an HIV-related medication regimen. There is

no suggestion that Dr. Fuentes knew of, and disregarded, a significant risk in prescribing Dilantin. Therefore, at best, Dr. Fuentes, the complaint alleges negligence, which is not actionable under Section 1983.

Similarly, the allegations regarding the remaining defendants involved in Plaintiff's medical care, Dr. Nwaobasi, Nurse Criss, Dr. Shearing and Pharmacy Director Mervis, do not suggest deliberate indifference. Negligence is not even suggested. Each defendant took affirmative action to aid Plaintiff and effectuate Dr. Young's recommendation that Plaintiff be switched from Dilantin to Keppra.

Insofar as there was a week's delay between when Dr. Young made his recommendation and when Plaintiff suffered a seizure and was put on Keppra, that delay is not attributed to any particular defendant. Nurse Criss properly noted Dr. Young's suggestion, and there is a medical note that Plaintiff was placed on the referral board regarding the medication change.

Finally, any negligence claim under state law also fails. Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). For reasons that will be explained, Plaintiff's other Section 1983 claims regarding the grievance process also fail, removing the necessary predicate for supplemental jurisdiction. Even if this Court could exercise supplemental jurisdiction over such a state-law claim pursuant to 28 U.S.C. § 1367, the negligence claim(s) would have to be dismissed.

Under Illinois law, "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," the plaintiff must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILCS § 5/2–622(a) (as amended by P.A. 90–579, effective May 1, 1998).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILCS § 5/2–622(b). Plaintiff has not submitted the required affidavits

**Grievance Process Claims**

The allegations that defendants Director Godinez, Warden Atchison, Counselor Price and Gina Allen somehow blocked Plaintiff's grievances in an effort to ultimately block litigation, also fail to state a cognizable constitutional claim.

The First Amendment does not mandate any sort of administrative grievance process in prison. *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."

---

[1] P.A. 94–677, effective August 25, 2005, which amended 735 ILCS § 5/2–622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F.Supp.2d 829, 832 n. 1 (C.D. Ill. 2010).

*Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *see also Owens v. Hinsley*, 635 F.3d at 953-54. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Furthermore, failure to respond to a grievance may prevent the exhaustion of administrative grievance process, but it does not, by itself, block an inmate's access to the courts in violation of the First Amendment. Section 1997e(a) requires inmates to exhaust only those remedies that are "available," and when prison administrators indefinitely delay acting on a grievance they have made the administrative process "unavailable," which does not bar suit. *See Hurst v. Hantke,* 634 F.3d 409, 411 (7th Cir. 2011); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

## Disposition

As an administrative matter, the Clerk of Court shall have the record reflect that defendants "M.A. Nieves" and "Priscilla" are a single defendant, "Priscilla Nieves, M.A." The Clerk shall also have the record reflect that Defendant "Dr. Hwabosi" is "Dr. Nwaobasi."

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff has failed to state a claim upon which relief can be granted against any of the defendants; consequently, this action is **DISMISSED**. All federal claims are **DISMISSED with prejudice**; supplemental jurisdiction over state law negligence claims is **DECLINED** and those claims are **DISMISSED without prejudice**. The parties shall bear their own costs. This dismissal shall count as one of

Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).  Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED:  December 2, 2013**

                s/ *Michael J. Reagan*
                **MICHAEL J. REAGAN**
                **UNITED STATES DISTRICT JUDGE**